UNITED STATES TRUST COMPANY *et al.,* Trustees *vs.* THE TAX ASSESSORS OF THE CITY OF NEWPORT.

JUNE 22, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Certification of question of Law.*

Under Gen. Laws, 1923, par. 5113, providing that the court, when a question of law arises, which in the opinion of the trial justice is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the supreme court, shall certify such question for determination; it is the question of law and not the *cause* which should be certified. A question of law cannot be properly certified until it has been stated.

*(2)  Certification of Cause.*

When a *cause* is certified for determination, the certification must be either compulsory or permissible by the terms of par. 4968, G. L. 1923.

*(3)  Taxation.  Returns.  Corporations.  Agency.*

G. L. 1923, cap. 60, sec. 6, provides that tax assessors shall give notice requiring every person liable to taxation to bring in a true and exact account of all the ratable estate owned or possessed by him or it.

Section 7 provides that every person bringing in such account shall make oath before one of the assessors, that the account contains to the best of his knowledge and belief a full and true account and valuation of all the ratable estate owned or possessed by him.

A trust company made a return signed by its assistant secretary and sworn to before a notary public outside the State and later the same account was made oath to before one of the assessors by an attorney in fact appointed for that purpose by the company, the jurat stating that the account contained to the best of the knowledge and belief of the attorney and to the best of the knowledge and belief of the trust company a full and true account, &c.

*Held,* that the oath taken before the magistrate outside the state failed to comply with the provisions of section 7.

*Held,* further, that the oath taken by the agent before the assessor complied with the statute, as the corporation could act only through its agent.

*Held,* further, that for the purpose of making its return to the tax assessors a corporation could appoint as its agent any person who by reason of having a knowledge of the facts was qualified to make the affidavit.

*(4)  Motion to Dismiss.*

On motion to dismiss, allegations stated in a petition will be taken as true.

Petition under G. L. 1923, cap. 60, for relief from over taxation by body corporate. Certified on questions of doubt.

Rathbun, J. This is a petition brought in accordance with the provisions of Chapter 60 of the General Laws of 1923 for relief from alleged overtaxation made in the year 1923 by the assessors of taxes of the city of Newport. The petitioners are seeking a judgment for the amount paid said city as taxes for said year, less the amount their taxes would have been if computed on the basis of valuation returned by the petitioners to said assessors. The petition sets out a copy of the return made by the petitioners to said assessors also a copy of the protest filed when the payment was made. The respondents, contending that said return does not comply with the requirements of said chapter, and hence that the petitioners have no remedy for being over-taxed, filed a motion to dismiss the petition. In the hearing

of said motion there arose a question of law which, in the opinion of the trial justice, is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court. Thereupon said justice, assuming to act in accordance with provisions of § 5113, G. L. 1923, without stating the question which he desired answered, certified the cause to this court. Said § 5113 provides that: "the court in which the cause is pending shall certify such question or motion to the supreme court" for determination. Although the papers in the case are sent to this court, it is the question of law and not the cause which should be certified. When a *cause* is certified for determination the certification must be either compulsory or permissible by the terms of § 4968, G. L. 1923. Of course, the *question* of law cannot be properly certified until it has been stated.

Although the certification does not specifically state what the questions of law are, which in the mind of the trial justice are doubtful and important, it is reasonably clear what the questions involved are, and as the parties have been heard at length, we will, without intending to establish a precedent, determine questions of law, raised by said motion, to the extent necessary for the determination of the motion to dismiss.

The main question is whether the return made by the petitioners to the tax assessors so complies with the requirements of Sections 6 and 7, Chap. 60, G. L. 1923, that the petitioners are entitled to be heard on the question of over-valuation. Said section 6 provides in part as follows: "Before assessing any tax, the assessors shall post up printed notices of the time and place of their meeting, in three public places in the town . . . Such notices shall require every person and body-corporate liable to taxation to bring in to the assessors a true and exact account of all the ratable estate owned or possessed by him or it . . . ." Section 7 of said chapter provides as follows: "Every person bringing in any such account shall make oath before some

one of the assessors that the account by him exhibited contains, to the best of his knowledge and belief, a true and full account and valuation of all the ratable estate owned or possessed by him; and whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor."

The account which was returned to the assessors was (3) signed by said trust company by its assistant secretary and was made oath to by said secretary before a notary public in New York, and later the same account was made oath to before one of the assessors by Walter Coles Cabell, an attorney in fact, appointed for that purpose by said trust company. The jurat contains the following: "Then and there Walter Coles Cabell, as attorney in fact for the United States Trust Company of New York, Trustee under the will of George S. Scott, deceased, appeared and he made oath that the foregoing account by said United States Trust Company of New York, signed and exhibited contains to the best of his knowledge and belief, and to the best of the knowledge and belief of said United States Trust Company, Trustee as aforesaid, a full and true account and valuation of all estate ratable in said City of Newport, of said United States Trust Company, trustee, under the will of George S. Scott, deceased.

JOHN H. O'NEILL
*Assessor.*"

The motion to dismiss raises, among others, questions of law as follows: (1) Was the oath made in compliance with said chapter when taken before a notary public instead of before one of the assessors? (2) Can a corporation liable to taxation comply with the provisions of said sections 6 and 7 by having an account of the company's ratable estate, as provided in said section 6, carried in and the oath, required by said section 7, taken by an agent duly appointed for the purpose?

The oath of the assistant secretary before the notary public fails to comply with the provisions of said section 7,

which provides that: "Every person bringing in any such account shall make oath before some one of the assessors." See *Narragansett Pier Co.* v. *Assessors of Taxes*, 17 R. I. 452.

We answer the second question in the affirmative. Whether an individual can comply with the statute by being represented by an agent before the assessors we do not decide as the question is not before us. But regardless of what may be the power or lack of power of an individual in this respect, we think that a corporation has the right to be so represented. Said chapter requires corporations, as well as individuals and copartnerships, to bring in an account of their ratable estate and said section 7 requires the person bringing in such account to make oath to the correctness of the account before one of the assessors. As a corporation can act only through its agents, some agent duly authorized must, if the corporation complies with the statute, bring in the account and make the required oath.

There appears to be no reason why a corporation cannot appoint, as a special agent for this purpose, any person who, by reason of having a knowledge of the facts, is qualified to make the affidavit. In *N. Y., N. H. & H. R. R. Co.* v. *Smith*, 20 R. I. 134, which was before this court on demurrer to the petition, it was apparently assumed that it would be in compliance with the statute for an agent, especially appointed for the purpose, to carry in the account of a corporation and make the oath before one of the assessors. In that case the question was not whether the corporation could be represented by such an agent but whether the president of the corporation who assumed to make the appointment had the requisite authority to appoint an agent for the purpose of making the oath and otherwise representing the corporation before the board of assessors.

A copy of the instrument appointing Cabell an attorney in fact is attached to the bill of complaint. The instrument purports to give Cabell ample authority to represent said trust company and to bring in the account and make the required oath. The bill alleges that Cabell who made the

oath was for that purpose an attorney in fact of said trust company. On motion to dismiss, this allegation must be taken as true.

(4)

Having answered questions to the extent necessary for the determination of said motion to dismiss, the papers in the case with our decision certified thereon are ordered sent back and the cause is remanded to the Superior Court for further proceedings.

*Sheffield & Harvey* for petitioners.

*Jeremiah P. Mahoney, Jeremiah A. Sullivan,* for respondents.